**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Robert Glenn Greene, Appellant,

v.

State Law Enforcement Division and Roger Heaton, Respondents.

Appellate Case No. 2011-196689

Appeal from Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Memorandum Opinion No. 2013-MO-012
Heard March 21, 2013 – Filed April 17, 2013

**AFFIRMED**

Mark V. Evans, of Charleston, for Appellant.

Elloree A. Ganes and Robert H. Hood, both of Hood Law Firm, LLC, of Charleston, and Deborah H. Sheffield, of Law Office of Deborah Harrison Sheffield, PA, of Columbia, for Respondents.

**PER CURIAM:** Robert Glenn Greene appeals the circuit court's grant of summary judgment in favor of the State Law Enforcement Division (SLED) on his

claims for gross negligence and defamation arising from the erroneous entry of a conviction for lewd act on a child under sixteen on his criminal record. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Absence of a Duty: *Jensen v. Anderson Cnty. Dept. of Soc. Servs.*, 304 S.C. 195, 199, 403 S.E.2d 615, 617 (1991) (acknowledging absent a special duty, governmental entities are not liable to individuals for their negligence in discharging public duties because "the duty is owed to the public at large rather than anyone individually"); *Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 100, 374 S.E.2d 910, 913 (Ct. App. 1988) (holding that to prove a special duty, the plaintiff must demonstrate the statutes at issue have the essential purpose of protecting identifiable individuals from the particular kind of harm suffered by defendant).

2. Qualified Privilege: *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) (holding that to overcome the defense of qualified privilege in a defamation action, a plaintiff must prove "actual malice or that the scope of the privilege has been exceeded"); *Cullum v. Dun & Bradstreet, Inc.*, 228 S.C. 384, 388, 90 S.E.2d 370, 372 (1955) ("A communication on a subject in which the person communicating has an interest, or in reference to which he has a duty, is qualifiedly privileged if made in good faith, limited in its scope to the requirements of such interest or duty, and made to a person having a corresponding interest or duty.").

3. Statute of Limitations: S.C. Code Ann. § 15-78-100 (2005) (two-year statute of limitation for gross negligence actions against government entity); S.C. Code Ann. § 15-3-550(1) (2005) (two-year statute of limitation for defamation action).

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**